UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOSE BLAS

        Petitioner,

vs.                                                       Case No. 8:05-CV-285-T-27EAJ
                                                           Crim. Case No. 8:02-CR-115-T-27EAJ

UNITED STATES OF AMERICA

        Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Relief of "Void" Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure and Pursuant to Plain Error Review Rule 52b Under 3553 b(1). (Dkt. 90). The motion is dismissed for lack of subject matter jurisdiction as it constitutes an unauthorized successive motion to vacate.[1]

In a Superseding Indictment (Dkt. 26), Defendant was charged with two counts of attempting to persuade and coerce an individual under the age of eighteen to engage in a sexual act, pursuant to 18 U.S.C. § 2422(b) (Counts One and Three), and one count of traveling in interstate commerce for the purpose of engaging in a sexual act with an individual under the age of 18 years, pursuant to 18 U.S.C. § 2423(b) (Count Two). Petitioner pleaded guilty to Counts One, Two, and Three of the Superseding Indictment (Dkt. 34). Defendant was sentenced to 180 months as to Counts One and Two and 70 months as to Count Three, all sentences to run concurrently (Dkt. 41). Defendant's conviction and sentence was affirmed on direct appeal (Dkt. 83). *See United States v. Blas*, 370 F.3d 1268 (11th Cir. 2004). The Eleventh Circuit expressly upheld the district court's upward departure.

---

[1] To the extent Defendant relies on Rule 60(b)(4), Fed. R. Civ. P. to challenge his criminal conviction, it is well settled that Rule 60(b) has no application in criminal cases. *United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365 (11th Cir. 1998).

*Id.* at 1274. Defendant collaterally attacked his sentence by filing a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (*See Civil Case No.* 8:05-CV-285-T-27EAJ). The Court denied his § 2255 motion. Defendant appealed and the Eleventh Circuit denied his motion for a certificate of appealability. (CV Dkts. 8, 15)

The instant Rule 60(b)(4) motion essentially constitutes a collateral attack on Defendant's judgment and conviction.[2] Accordingly, it is construed as a successive § 2255 motion to vacate. As such, it is subject to dismissal as this court lacks subject matter jurisdiction to consider a successive § 2255 motion, unless Defendant has sought and obtained authority from the circuit court of appeals to file it. *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)("Because Farris was moving to vacate his sentences and he previously had filed a § 2255 motion, the district court did not err in construing his motion as a successive § 2255 motion."); *see In re Medina,* 109 F.3d 1556, 1561 (11th Cir.1997)("The AEDPA's successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief"); *see also Felker v. Turpin,* 101 F.3d 657, 661 (11th Cir.1996) (Rule 60(b) cannot be used to circumvent restraints on successive-habeas petitions).

Since there is no indication that Petitioner sought and obtained authorization from the Eleventh Circuit to file a successive § 2255 motion, this Court is without subject matter jurisdiction. *United States v. Holt,* 417 F.3d 1172, 1175 (11th Cir. 2005); *El-Amin v. United States,* 172 Fed.Appx. 942, 946 (11th Cir. 2006) ("[W]hen a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the district court to dismiss the claims raised in the motion. See 28 U.S.C. § 2244(b)(2)-(3).").

---

[2] For example, Defendant contends that the Court's upward departure was in violation of his Sixth Amendment rights pursuant to the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005). Defendant's reliance on *Booker* is misplaced. The Eleventh Circuit Court of Appeals has expressly held that *Booker* does not apply retroactively. *See Varela v. United States*, 400 F.3d 864 (11th Cir. 2005); *In re: Anderson*, 396 F.3d 1336 (11th Cir. 2005).

Accordingly, Defendant's Motion for Relief of "Void" Judgment Pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure and Pursuant to Plain Error Review Rule 52b Under 3553 b(1) (Dkt. 90) is DISMISSED.

**DONE AND ORDERED** this 3rd day of January, 2008.

*/s/ James D. Whittemore*
JAMES D. WHITTEMORE
United States District Judge

Copies to:
Defendant, pro se
Counsel of Record