UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Jose Blas,
    Petitioner,

V.

United States of America,
    Respondent.

8:09cv979-T27 EAJ

Criminal N°.:8:02-CR-115-T-27-EAJ

MOTION TO CORRECT SENTENCE PURSUANT 28 U.S.C § 2255(3)

The "Newly Recognized Right" relied upon is Oregon v. Thomas Eugene ICE, 555 U.S.__, 129 S Ct.__, 172 L.ED. 2d 517 (2009).

Petitioner is motioning the court to Correct and Dismiss the illegal part of his sentence when he was enhanced beyond the statutory maximum requires a jury finding beyond a reasonable doubt as in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) and Blakely v. Washington, 542 U.S. 296, 124 S Ct. 2531, 159 L. Ed. 2d 403 (2004), holding the Sixth Amendment's jury-trial guarantee requires that the jury, rather than the judge determine any fact (other than the existence of a prior conviction) or pleaded to or admitted to, that increase the maximum punishment authorized for a particular crime.

A § 2255 movant may file a motion that would otherwise be untimely under the Act's one-year statute of limitations on the basis of a new Supreme Court decision that involves a "right that has been newly recognized by the Supreme Court.", 28 U.S.C. § 2255(3).

It is asserted the District Court for the Middle District of Florida has original jurisdiction to review a final conviction in the district in which the petitioner was convicted and sentenced.

Pursuant 28 U.S.C. § 2255(3), and the Constitution of the United States of America as the District Court for the Middle District of Florida, has jurisdiction over the initial matter pursuant to Federal indictment return in said district pursuant 18 U.S.C. § 3231 for collateral review.

## BACKGROUND

On August 29, 2002, Petitioner attended a Change of Plea Hearing before the Magistrate Judge Elizabeth A. Jenkins in the Middle District of Florida and Plead Guilty to Count (1) 18 U.S.C. § 2422(b), Count (2) 18 U.S.C. § 2423(b) and Count (3) 18 U.S.C. § 2422(b) in the information of the indictment only.

On December 16, 2002, Petitioner appeared before the Honorable District Judge James D. Whittemore to be sentence in the Middle District of Florida. Petitioner was sentenced to serve 180 months as to Count (1) 18 U.S.C. § 2422(b) and Count (2) 18 U.S.C. § 2423(b) and 70 months to Count (3) 18 U.S.C. § 2422(b).

All counts are to run concurrent with a 36 months of Supervised Release: Fine: $15,000.00; Restitution of $86.00 and Special Assessment of $300.00.

During sentencing, the Judge enhanced Petitioner upward seven (7) levels to a level 34, without an advance notice for aggravating circumstances pursuant 18 U.S.C. § 3553(b)(1).

The enhancements were based on preponderance of evidence that are Indirect Conflict to the Supreme Court's Findings of Oregon v. Thomas Eugene ICE, Entered January 14, 2009 at 555 U.S.__, 129 S.Ct.__, 172 L. Ed. 2d 517, 2009.

-2-

In <u>Oregon v. ICE</u>, the Supreme Court decided that <u>Blakely</u> applies to the United States Sentencing Guidelines; that is, the Court held that the imposition of mandatory sentencing enhancements based on, as here, that judicial findings of fact violates the Sixth Amendment; which is an interpretation of <u>APPRENDI</u>.

These holdings apply to Petitioner, Blas' case, which is being brought to the court for collateral review pursuant 28 U.S.C. § 2255(3), See: <u>Oregon v. ICE</u>.

Petitioner argues that after pleading guilty to Count (1) 18 U.S.C. § 2422(b), Count (2) 18 U.S.C. § 2423, and Count (3) 18 U.S.C. § 2422 to the guidelines imprisonment range 70-87 months in level 24, then at sentencing the court enhanced petitioner seven (7) levels to level 34 with 180 months of imprisonment pursuant section 5K2.0 and 5K2.8 under preponderance of evidence analogizing his conduct to aggravated sexual assault for an offense not charged in the indictment and which he did not plead to or admit to.

Petitioner avers he was sentenced on December 16, 2002, which places him in the heartland of <u>Apprendi</u> pursuant to Supreme Court's decision in <u>ICE</u> entered January 14, 2009, for relief of a seven (7) level enhancement that was rendered under preponderance of evidence.

Petitioner states the district court erred in basing its upward departure on conduct constituting aggravated circumstances, a crime that had not been charged pursuant to petitioner's indictment.

Petitioner states the seven (7) level enhancement for aggravated sexual assualt was erroneous; and that the factual determination as to whether further aggravated circumstances resulted from his crime should have been determined by proof beyond a reasonable doubt rather than by mere preponderance of evidence. See <u>United States v. Rebmann</u>, No. 98-6386, 6th Cir. (8-28-00). This case lead to the Supreme Court's recent decision in <u>Apprendi v. New Jersey</u>, 120 S Ct. 2348, 147 L. Ed. 2d 435 (2000). Also, see: <u>Jones</u>, if., at 243, n.6.

In <u>Oregon v. Thomas Eugene ICE</u>, the Supreme Court held this case concerns the scope of the Sixth Amendment's jury-trial guarantee, as construed in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and <u>Blakely v. Washington</u>, 542 U.S. 296(2004). Those decisions are rooted in the historic jury function-determining whether the prosecution has proved each element of an offense beyond a reasonable doubt. They hold that it is within the jury's province to determine any fact (other than the existence of a prior conviction) that increase the maximum punishment authorized for a particular offense. Thus far, the Court has not extended the Apprendi and Blakely line of decisions beyond the offense-specific context that supplied the historic grounding for the decisions.... The Oregon Supreme Court granted ICE's petition for review and reversed, 4 to 2, 343 Ore., at 250, 170 P.3d at 1050. In the majority's view, the rule of Apprendi applied, because the imposition of consecutive sentences increased "the quantum of punishment" imposed. 343 Ore., at 265, 170 P.3d at 1058.

The Federal Constitution's jury-trial guarantee assigns

the determination of certain facts to the jury's exclusive province. Under that guarantee, this Court held, in Apprendi, "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Also, see: Blakely v. Washington, 542 U.S. 296, 159 L. Ed. 2nd 403, 124 S Ct. 2531 (2004) where Blakely stands for the proposition that any sentence enhancement not admitted by the defendant or found by a jury violates a defendant's Sixth Amendment right to trial by jury. This not only supports Apprendi but extends it holdings to the Sentencing Guidelines as well.

## PETITIONER BLAS IS ENTITLED TO RETROACTIVE RELIEF

The Supreme Court has clearly demonstrated its intention that Oregon v. ICE pursuant Apprendi and Blakely be held "retroactive", see: Court's opinion 555 U.S. __, 129 S. Ct. __, 172 L. Ed. 2d 517 (2009).

The Federal Constitution's jury-trial guarantee assigns the determination of certain facts to the jury's exclusive province. Under that guarantee, this Court held, in Apprendi, "any fact that increase the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." ID 530 U.S. at 490. See: Griffin v. Kentucky, 479 U.S. 314, 328 (1987). The Supreme Court stated further (p. 25 op.), relying upon Griffin, that; ("A new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases pending on direct review or not yet final, with no exception for cases in which

the new rule constitutes a 'clear break with the past')." See: Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 752 (1995), (civil case); citing Harper v. Virginia Dept. of Taxation, 509 U.S. 86, 87 (same) (1993).

## CONCLUSION

Based upon the facts set forth herein and in addition to the authorities cited, the Petitioner moves this Honorable Court whereas, in the interest of justice to take a good look at petitioner's claims set forth herein 28 U.S.C. § 2255(3) to correct his sentence by removing the seven (7) levels of enhancements for aggravating circumstances pursuant to the "Newly Recognized Right" of Apprendi in ICE.

Lastly, Petitioner is a layman at law therefore, relies upon excusable error a Pro Se litigate to not have his motion which is drawn with unearned hands scrutinized for technical excellence practicing that legal counsels are held to.

*Jose Blas*
Respectively submitted,
Pro Se, Jose Blas